IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUNZA NATIONAL, INC., a Nebraska Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOUG W. ALEXANDER and DAVID W. ALEXANDER, individually; and, TEXAS RUNZA KINGS, LLC, a Texas limited liability company,<br><br>Defendants. | 4:20-CV-3078<br><br>MEMORANDUM AND ORDER |

The plaintiff, Runza National, Inc., alleges in its complaint, federal claims regarding trademark infringement (15 U.S.C. § 1114), trademark dilution (15 U.S.C. § 1125(c)), unfair competition (15 U.S.C. 1125(a)), and false advertising (15 U.S.C. § 1125(a)), as well as claims regarding common law trademark infringement, and state law claims for violation of Nebraska's Uniform Deceptive Trade Practices Act (Neb. Rev. Stat. § 83-301 *et seq*.), and Consumer Protection Act (Neb. Rev. Stat. § 59-1601 *et seq*.). Filing 1 at 8-12. The defendants move for dismissal of the plaintiff's complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or, in the alternative, for a transfer of venue to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404. For the reasons that follow, the Court will deny the defendants' motion.

## I. STANDARD OF REVIEW

The plaintiff has the burden to show that personal jurisdiction over the defendant exists when challenged pursuant to Fed. R. Civ. P 12(b)(2). *Fastpath, Inc. v. Arbela Technologies Corp.,* 760 F.3d 816, 820 (8th Cir. 2014). To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant. *Id.* The plaintiff's showing is tested by the pleadings, as well as by affidavits and exhibits supporting, or opposing, the motion. *Id.* Where no hearing is held on the defendant's motion to dismiss, the evidence is viewed in a light most favorable to the plaintiff, and factual conflicts are resolved in the plaintiff's favor. *Id.*

## II. BACKGROUND

The plaintiff is a Nebraska corporation, with its principal place of business in Lincoln, Nebraska. The plaintiff owns and operates forty-five restaurants in Nebraska, and has forty-two independent franchise locations. Filing 17 at 1-2. Beginning as early as 1950, the plaintiff's predecessor was in the restaurant business in Lincoln, producing and selling an item called a "Runza Sandwich." Filing 1 at 4. On June 22, 1950, the Nebraska Secretary of State granted a state trademark registration to the plaintiff's predecessor for the phrase "Runza Sandwich." Filing 1 at 4. On June 5, 1979, the plaintiff's predecessor was granted a federal trademark for the word "Runza." On July 22, 1994, the Nebraska Secretary of State granted a state trademark registration to the plaintiff's predecessor for the word "Runza." Over the following years, the plaintiff or its predecessor has received several additional federally registered marks for other Runza-related phrases, word derivations, and designs. Filing 1 at 3.

2

The plaintiff alleges that their federally registered marks are an asset of substantial value as a symbol of the quality of the plaintiff's products due to their widespread and favorable public acceptance and recognition. Filing 1 at 4. The marks, according to the plaintiff, are uniquely associated with the plaintiff and serve as an identification of the source of the goods and services it provides. The plaintiff claims to spend considerable effort and expense in advertising and promoting its marks, and has developed a highly valuable reputation for excellence with the public, which the public associates with the plaintiff's marks. Filing 1 at 5.

The individual defendants, David and Doug Alexander, are brothers who reside in Dallas, Texas. Filing 11-1 at 1; 11-2 at 1. According to the plaintiff, on February 9, 2019, the Alexander brothers filed a Certificate of Organization with the Texas Secretary of State for the entity name "Texas Runza Kings, LLC." Around April 23, 2019, the Alexander brothers applied for a federal trademark registration for "Texas Runza Kings." Filing 1 at 5. Before March 2020, the Texas Runza Kings sold their version of runza sandwiches from a booth at White Rock Market in Dallas. After March 2020, the COVID-19 pandemic shut down the market, and the defendants began selling their sandwiches at an unspecified location on Arturo Drive in Dallas. Filing 11-2 at 4. The defendants report that their operation at the White Rock Market was limited to sales between 8:00 a.m. to 1:00 p.m. on Saturdays, and since moving to the location on Arturo Drive, they now only sell their sandwiches on some Tuesdays, generally between 4:00 p.m. and 5:30 p.m.

The Alexander brothers state that they have never lived in, or been a citizen of Nebraska. Neither have they owned a Nebraska business, or owned, leased or rented property, paid taxes, had agents, maintained insurance, had bank accounts, held licenses, or had telephone listings or a mailing address in

3

Nebraska. Filing 11-1 at 1-3; filing 11-2 at 1-3. They declare that they are not aware of, and have no record of ever purchasing or ordering anything shipped from Nebraska. They have never borrowed money or sought a loan from a Nebraska lender, and have never had any personal or business relationships with any entity sited within Nebraska. Both claim that they do not have any personal or business relationships with any entity in Nebraska, and have never, to their knowledge, offered for sale, sold, or provided any goods or services to a citizen of Nebraska. David claimed that the last time he was in Nebraska was forty-two years ago on a family vacation to visit relatives. Filing 11-1 at 3. Doug claimed the last time he was in Nebraska was twelve years ago for an uncle's funeral. Filing 11-2 at 3.

      The Texas Runza Kings advertise only on Doug's personal Facebook page. Filing 11-1 at 3, filing 11-2 at 3. Doug's Facebook page does not allow a visitor to interact with the website other than to post a comment, send friend requests, or send Doug a private message. Doug declared that he is not aware of any Facebook friend that lives or works in Nebraska. Filing 11-2 at 3. To the best of Doug's knowledge, he has had twenty-three public postings on his Facebook page where he used the term "runza," and received only seven responses. Prior to July 2020, he was not aware of any "Nebraska visitor" to his Facebook page, but since then, he has received seven comments from people telling him "to watch out for Runza National, Inc." David declared that he does not have any postings on his Facebook account under the designation "Texas Runza Kings," and has never used the term "runza" in any of his Facebook postings. Filing 11-1 at 3.

### III. DISCUSSION

#### 1. PERSONAL JURISDICTION

The defendants argue that the plaintiff's complaint fails to establish that the defendants have minimum contacts with Nebraska sufficient for this Court to have personal jurisdiction. The defendants' argument centers on the absence of any continuous or systematic contact between the defendants and Nebraska, and that the plaintiff failed to allege any activity by the defendants purposefully directed at Nebraska. Filing 10 at 2-3.

Personal jurisdiction can be specific or general. *Fastpath, Inc.*, 760 F.3d at 820. A court obtains general jurisdiction against a defendant who has "continuous and systematic" contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum. *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010). Specific jurisdiction over a defendant is exercised when a nonresident defendant has purposefully availed itself of the privilege of conducting business in the forum, and the lawsuit arises out of, or is related to, the defendant's contacts with the forum. *Id.* The plaintiff's complaint alleges specific jurisdiction—that the defendants intentionally engaged in tortious conduct directed at the plaintiff in Nebraska, such that personal jurisdiction of the defendants is found in this forum. Filing 16 at 5.

The question of whether a court has personal jurisdiction of a defendant is a two-part inquiry. The first question is whether this Court's exercise of personal jurisdiction would be proper under Nebraska's long-arm statute. Nebraska's personal jurisdiction statute provides that a court may exercise personal jurisdiction over a person who causes tortious injury by an act or omission in the state. Neb. Rev. Stat. § 25-536(1)(c). Section 25-536 extends jurisdiction over non-resident defendants to the full extent allowed by the Due

5

Process Clause of the United States Constitution. *Yeransian v. Willke Farr & Gallagher LLP*, 942 N.W.2d 226, 233 (Neb. 2020).

Trademark infringement is a tort, the elements of which are the use, without the owner's consent, of the same or a similar mark in connection with the sale of goods that is likely to cause confusion. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1388 (8th Cir. 1991). Here, the plaintiff alleges that the defendants are using its federally registered mark—the term "Runza"—without the plaintiff's consent or authorization, and in connection with the defendants' food production and sale of goods. Filing 1 at 6. This unauthorized use, the plaintiff alleges, occurred long after its trademark rights were established, and the defendants' unauthorized use of the plaintiff's mark was done with full knowledge of the plaintiff's prior use and registration of its marks. Further, the plaintiff alleges that the defendants' unauthorized use of the term "Runza" in the marketing and sale of their sandwich is deceptive, and likely to result in confusion and mistake in the mind of consumers.

Due process requires that a non-resident have minimum contacts with the forum state such that maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Non-resident defendants must have conducted themselves in such a way that they could reasonably anticipate being haled into court in the forum state. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980); *Oriental Trading Co., Inc. v. Firetti,* 236 F.3d 938, 943 (8th Cir. 2001). Due process is satisfied where specific personal jurisdiction over a non-resident is asserted if the defendant has purposefully or intentionally directed its activities at a particular forum, and the litigation results from injuries arising out of, or relating to, those activities. *Burlington Indus., Inc. v. Maples,* 97 F.3d 1100, 1103 (8th Cir. 1996). Jurisdiction is proper

where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985).

The plaintiff's complaint and supporting affidavit sufficiently allege that the defendants' tortious conduct was intentionally directed at the plaintiff's home forum. The site of the injury for a trademark infringement claim is where the plaintiff suffers the economic impact. *Dakota Indus.,* 946 F.3d at 1388. Here, the injuries the plaintiff alleges result from the defendants' intentional appropriation of its property—its registered trademark—without the plaintiff's consent, and the confusion and damage that will result from the defendants' intentional use of the plaintiff's property without its consent. This property—the plaintiff's federally registered mark—was appropriated from Nebraska, and Nebraska is where the plaintiff alleges it will suffer the economic impact from the defendants' tortious conduct.

The Court finds that the plaintiff has sufficiently alleged the minimum contacts necessary to maintain a lawsuit against the defendants in this forum without offending notions of fair play and substantial justice. The defendants could reasonably anticipate being haled into court in this forum after reaching out to Nebraska to appropriate, without consent, the plaintiff's federally registered mark for use in Texas.

In addition to the basic principles of due process, a court must evaluate the sufficiency of the non-resident defendant's contacts with the forum state. *Fastpath, Inc.,* 760 F.3d at 821. The Eighth Circuit has set forth a five-part test for measuring a defendant's contacts with a forum state: (1) the nature and quality of the contacts with the forum state, (2) the quantity of those contacts, (3) the relation of the cause of action to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the

convenience of the parties. *Id.* The first three factors are primary, and the remaining two factors are secondary. *Johnson,* 614 F.3d at 794. A court is to look at all the factors in the aggregate and examine the totality of the circumstances in determining personal jurisdiction. *Id.*

Evaluating the five factors reinforces the Court's determination that there is personal jurisdiction over the defendants in this forum. The defendants don't deny that they are intentionally using the plaintiff's federally registered mark, both in the creation of its limited liability company, and in promoting the sale of a food item very similar to the food item associated with the plaintiff's trademark. The plaintiff alleges that the defendants know that the term "Runza" is a federally registered mark, but continue to use it without consent for the defendants' benefit, notwithstanding the plaintiff's cease and desist demand.

The defendants respond with the argument that merely receiving a cease and desist demand letter is not sufficient to establish personal jurisdiction. Filing 18 at 2. But this assertion ignores the basis for personal jurisdiction actually alleged in the plaintiff's complaint—the intentional tortious conduct of the defendants' purposeful infringement of the plaintiff's federally registered mark. The Court finds that the defendants' motion to dismiss for lack of personal jurisdiction should be denied.

## 2. VENUE TRANSFER

The defendants' alternate request is for a transfer of venue should this Court decline to dismiss the plaintiff's complaint for lack of personal jurisdiction. The defendants seek to transfer venue to their home forum, the United States District Court for the Northern District of Texas, pursuant to 28 U.S.C. § 1404(a). Filing 9. Section 1404(a) allows venue to be transferred to any other district or division where the suit might have been brought for the

8

convenience of parties and witnesses, and in the interest of justice. In general, considerable deference is given to a plaintiff's choice of forum, and the party seeking transfer pursuant to § 1404(a) typically bears the burden of proving that transfer is warranted. *Terra Intern., v. Mississippi Chemical Corp.*, 119 F.3d 688, 695 (8th Cir. 1997).

When considering the convenience of the parties and witnesses, additional relevant considerations include, the accessibility to records and documents, the location where the conduct complained of occurred, and the applicability of the forum state's substantive laws. *Terra Intern*, 119 F.3d at 696. Here, the defendants' argument focuses on the convenience of its witnesses and that the Alexander brothers live in Texas. Filing 10 at 20.

The defendants argue that their witnesses would be required to travel to Nebraska to testify at trial, and that the plaintiff would have to travel to Texas to depose the defendants' witnesses. Although that may be an argument why it would be more convenient for the Alexander brothers to have this matter transferred to Texas, it does little to show that transfer is warranted. The plaintiff makes the same argument regarding the inconvenience of its corporate officers and witnesses with a trial in Texas, as well as with the defendants having to depose the plaintiff's witnesses in Nebraska. Merely shifting the inconvenience from one side to the other is not a permissible justification for a change of venue. *Terra Intern*, 119 F.3d at 696-97. The defendants also argue that the actions the plaintiff complains of occurred in Texas, but this is not actually accurate. The plaintiff's suit concerns infringement, and that action occurred in the plaintiff's home forum.

Factors concerning the interests of justice include (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5)

9

obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. *Terra Intern*, 119 F.3d at 696. The defendants argue that the plaintiff's choice of forum should be accorded no weight because the plaintiff has "engaged in blatant forum shopping." Filing 10 at 21. The defendants contend that the plaintiff filed its lawsuit in Nebraska as a preemptive effort to control the choice of forum and deprive the Alexander brothers "their rightful opportunity to control their choice of forum." *Id*.

The Court finds the defendants' argument to be without merit. The plaintiff filed its complaint in the state forum where the plaintiff has registered its marks, and has maintained its principle place of business since the 1950s. Unlike the authority cited by the defendants, this is not a case of forum shopping where the suit was filed in a venue where neither party maintained its headquarters, or where no witnesses resided. This is not a case where the plaintiff decided to file its lawsuit in Nebraska only because it retained Nebraska counsel. *See In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010).

The defendants argue that the relative costs of ligation for the defendants, a small company operating without any employees, is great compared to the costs for the plaintiff, a large fast-food restaurant company. Filing 10 at 22. The Court is not persuaded that the relative costs for the defendants of litigating in Nebraska versus litigating in Texas is significantly different. Certainly, one would expect a corporation such as the plaintiff to be better able to afford the litigation costs, but it would be better able to afford litigation costs irrespective of the forum. The defendants' argument does nothing to move its burden to prove that transfer of venue is warranted. The Court finds that the defendants' motion to transfer venue should be denied.

### III. CONCLUSION

The Court finds that the defendants' motion to dismiss, or in the alternative, motion to transfer venue should be denied.

IT IS ORDERED:

1. The defendants' motion to dismiss or transfer venue (filing 9) is denied.

2. This matter is referred to the Magistrate Judge for case progression.

Dated this 26th day of March, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge